**SO ORDERED.**

**SIGNED this 28 day of September, 2009.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALVIN K. HERL, JR., ) | Case No. 08-10353 |
| AMY J. HERL, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____) | |
| KENNETH KINDERKNECHT, ) | |
| JOYCE KINDERKNECHT, ) | |
| DONOVAN NEUFELDT and ) | |
| JOYCE NEUFELDT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary No. 08-5115 |
| ) | |
| ALVIN HERL, JR., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

1

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO DISMISS

Defendant Alvin Herl, Jr. filed a "Motion to Dismiss" Plaintiffs' complaint to determine the dischargeability of an alleged debt to them pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).[1] Plaintiffs, proceeding pro se, filed a response in which they raise numerous matters not germane to the motion at hand. The procedural posture of this case renders it impossible for the Court to consider the Motion in a meaningful way and it therefore must be DENIED, with further directions issued to the parties as set out below.

In their complaint, Plaintiffs alleged that they and the debtors were co-owners of certain oil and gas royalty interests under an 80 acre tract in Trego County, Kansas. They further allege that Defendant has received all of the royalty revenue, has retained it for himself, and has failed to account to the plaintiffs for their shares. Plaintiffs assert that this amounts to fraud or defalcation committed in a fiduciary capacity and that Defendant has wilfully and maliciously damaged their property interests. The complaint seeks to have his alleged debt to them excepted from his discharge under 11 U.S.C. § 523(a)(4) and (a)(6). Defendant filed an answer denying that he was a fiduciary and asserting that he and Amy Herl were assigned the royalty rights by his father, Alvin Herl, Sr. and his mother, Dorothy Herl, before Alvin Sr. died. Attached to his answer are copies of the purported assignments and Dorothy's affidavit setting out the facts behind the purported assignment.

Plaintiffs filed their complaint on June 2, 2008 and Defendant answered on June 24, 2008. The Court entered a pretrial order on March 25, 2009. Plaintiffs' counsel was granted leave to withdraw in June of this year and Defendant filed the current motion on June 9, 2009. Plaintiffs'

---

[1] Dkt. 37. All future references to "Section" or "§" refer to the Bankruptcy Code, Title 11 U.S.C., unless otherwise noted.

response lists a number of grievances, but does not directly address the merits of the motion itself.

At the outset, the Court notes that while Defendant styled his motion as a generic "motion to dismiss," the Court construes the motion as one under Fed.R.Civ.P. 12(b)[2] and, from its content, the Court divines that Defendant means to assert that the plaintiffs have failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[3] Any defense raised under Rule 12(b) may be raised by motion, but a motion to dismiss under the rule "must be made before pleading if a responsive pleading is allowed." This case is well-past the pleading stage; some six months ago. Therefore, the time has passed for a Rule 12(b) dismissal motion to be filed.

The Court may consider this motion as one for judgment on the pleadings under Rule 12(c). That rule provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings implicates essentially the same legal principles as a Rule 12(b) motion to dismiss.[4] To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim that is plausible on its face."[5] In ruling on a motion to dismiss or a motion for judgment on the pleadings, the court is limited to the facts pled in the complaint.[6] Here, the defendant's answer incorporated three exhibits

---

[2] All future references to "Rule" refer to the Fed.R.Civ.P. unless otherwise noted.

[3] With some modifications not relevant here, Fed.R.Civ.P. 12 applies to bankruptcy adversary proceedings under Fed.R.Bank.P. 7012.

[4] *Continental Coal, Inc. v. Cunningham*, 511 F.Supp.2d 1065, 1070 (D. Kan. 2007).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[6] *See Burnham v. Humphrey Hospitality Reit Trust Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (on a Rule 12(b)(6) motion, a court's factual inquiry is limited to the well-pleaded facts in the complaint); *Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1240-41 (10th Cir. 2005) (Rule 12(c) motions are adjudicated using the same standard for motions to dismiss under Rule 12(b)(6).).

3

upon which he relies as defenses to Plaintiffs' allegations. Documents attached to an answer are generally not properly treated as part of the pleadings for purposes of ruling on a motion to dismiss.[7] The Court therefore declines to consider those exhibits as doing so would require converting the motion into one for summary judgment and affording the parties notice and an opportunity to present relevant evidence.[8]

Applying the plausibility standard to the complaint as filed, the Court concludes that the plaintiffs have failed to plead facts that would demonstrate the existence of an express or technical trust necessary to support a claim of fiduciary fraud or defalcation. The mere fact (if, indeed, it is a fact) that the plaintiffs and defendant were co-owners of the royalty interest does not make defendant the plaintiffs' fiduciary in the absence of an express or technical trust. Nothing in the complaint suggests the existence of such a trust. Accordingly, the Court sees no plausible manner in which these plaintiffs can succeed on a § 523(a)(4) fiduciary fraud claim and that claim should be dismissed.

Turning to the plaintiffs' § 523(a)(6) claim, the complaint alleges that Defendant wilfully and maliciously damaged their property interests by collecting the royalties and not accounting to the plaintiffs for their shares. The complaint states that the plaintiffs had an interest in the royalties, that Herl collected the royalties, and that Herl did not account to the plaintiffs for them. If the

---

[7] *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir.2006) (Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence.).

[8] Fed.R.Civ.P. 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12©, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

4

plaintiffs have a good faith belief that they have an ownership interest in the proceeds and have not authorized Herl to retain the money, it is plausible that they can prevail on a claim that he wilfully and maliciously damaged their property. Because the Court must construe all well-pleaded allegations in the complaint in the light most favorable to the plaintiffs, Defendant's motion to dismiss the § 523(a)(6) claim must be denied.

Defendant's memorandum suggests that discovery has uncovered evidence that would exculpate him from any allegations of wrongdoing. Consideration of a Rule 12(b)(6) or (c) motion precludes the consideration of such "evidence" because the Court's inquiry is limited to the pleadings themselves. Expanding the inquiry to consider such evidence would only be appropriate in considering a properly-documented motion for summary judgment. Not having been presented such a motion, the Court is forced to reach the conclusion set out above.

Plaintiffs' § 523(a)(4) cause of action is DISMISSED. Defendant's motion to dismiss Plaintiffs' § 523(a)(6) cause of action is DENIED. The Clerk is directed to set the remaining cause of action for trial when the Court's docket can accommodate it.

# # #