

**SO ORDERED.**

**SIGNED this 29 day of December, 2009.**

_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ALVIN K. HERL, JR., | ) | Case No. 08-10353 |
| AMY J. HERL, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| KENNETH KINDERKNECHT, | ) | |
| JOYCE KINDERKNECHT, | ) | |
| DONOVAN NEUFELDT and | ) | |
| JOYCE NEUFELDT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 08-5115 |
| | ) | |
| ALVIN HERL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

1

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed this action to except from defendant Alvin Herl, Jr.'s discharge debts they allege he incurred by breaching his fiduciary duty to them and wilfully and maliciously damaging their property pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).[1] Specifically, Plaintiffs, who are Alvin's siblings, allege that Alvin had arrogated to himself certain oil and gas royalties on real property formerly owned by their parents after their father's death in 1998, and that Alvin had a fiduciary duty to them to account for these oil proceeds. Alvin defends these allegations by alleging that his parents deeded the real estate and royalty interests to him and his wife before his father, Alvin Herl, Sr. ("Senior"), died and that his father's estate has no interest in the land or the oil production.

Previously, this Court dismissed Plaintiffs' claim of fiduciary breach under § 523(a)(4) because Plaintiffs failed to allege facts that would demonstrate the existence of an express or technical trust necessary to support a claim of fiduciary fraud. The mere fact that Plaintiffs and Alvin may have been co-owners of the royalty interests did not place Alvin in a fiduciary relationship with them.[2] The Court declined to dismiss the willful and malicious damage claim under § 523(a)(6), finding that the plaintiffs could plausibly make out a case that Alvin had damaged their property if they could demonstrate that the oil interests were theirs as well as his.[3] Because the strictures of motion practice under Fed. R. Bank. P. 7012 and Fed. R. Civ. P.

---

[1] All future references to "Section" or "§" refer to the Bankruptcy Code, Title 11 U.S.C., unless otherwise noted.

[2] *See* Order Partially Granting and Partially Denying Motion to Dismiss, Dkt. 45.

[3] *Id.* at 4-5.

12(b)(6) prevented the Court from considering documents or matters outside the pleadings, the Court was required to give considerable deference to what the plaintiffs pled, *i.e.*, that they, too, claimed an ownership interest in the oil and gas.

Alvin now moves for an order granting summary judgment on the § 523(a)(6) claim.[4] He filed a memorandum of law in support of his motion containing a statement of uncontroverted facts and a series of supportive deeds and assignments.[5] Plaintiffs, proceeding *pro se*, have filed a letter in response to Alvin's motion for summary judgment.[6] Plaintiffs' response letter does not directly address any of the statements of fact, other than to suggest that this Court should view a copy of a title opinion made by Thomas Wasinger of Hays. No copy of that document was supplied. Plaintiffs also suggest that the Court should defer any further consideration of this matter until the Estate of Alvin Herl, Sr. has been fully probated in Trego County probate court. There is no indication in their very brief letter as to a possible completion date for this probate proceeding. The Court notes that Senior died in 1998, suggesting that probate has been in progress for some time. The Court has carefully reviewed the pleadings and exhibits in the motion and is prepared to rule.[7]

Summary Judgment Standards

Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a

---

[4] Dkt. 48.

[5] Dkt. 49. *See also* Fed. R. Civ. P. 56 and D. Kan. LBR 7056.1.

[6] Dkt. 57.

[7] The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334.

party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8] An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."[9] When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[10] In determining whether any genuine issues of material fact exist, the Court must construe the record in a light most favorable to the party opposing the summary judgment.[11] Once the Court determines which facts are not in dispute, it must then determine whether those uncontroverted facts establish a sufficient legal basis upon which to grant movant judgment as a matter of law.[12]

Findings of Fact

Based on the defendant's statements of fact and the failure of the plaintiffs to controvert

---

[8] Fed. R. Civ. P. 56(c).

[9] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[11] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

[12] *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F.Supp. 406, 407 (D.Kan.1986) (Even if there are no genuine issue of material fact, the movant still has the burden to show it is entitled to judgment as a matter of law.).

4

them in any way, the Court makes the following findings of fact.[13]

Senior and his wife, Dorothy F. Herl, deeded the surface rights in two 80-care tracts to Alvin and Amy Herl, on August 16, 1990. The tracts were described as follows:

> West Half of the Northwest Quarter (W/2 NW/4) of Section Two (2), Township Fourteen (14) South, Range Twenty-two (22) West of the 6th P.M., Trego County, Kansas; and West Half of the Northeast Quarter (W/2 NE/4) of Section Twelve (12), Township Thirteen (13) South, Range Twenty-two (22) West of the 6th P.M., all in Trego County, Kansas

On April 28, 1995, Senior and Dorothy deeded the surface rights to the East Half of the Northeast Quarter of Section 12-13-22 to Alvin and Amy. On November 15, 1995, the elder Herls purportedly assigned all of their mineral rights in the West Half of Northeast Quarter of Section 12-13-22 to Alvin and Amy and the First Federal Savings & Loan Association of WaKeeney (the "Bank"). The Court notes, however, that this instrument does not appear to have been recorded, nor was it counter-signed by the Bank. Then, on December 12, 1995, a similar assignment was executed and recorded in the Trego County Register of Deeds. This assignment, signed by the four Herls and by the Bank, provided that the elder Herls assign to the younger Herls the oil and gas and further stipulated that the proceeds of the oil and gas be paid to the Bank and applied to the elder Herls' bank loan.

On May 12, 1995, the younger Herls assumed liability on the elder Herls' note and mortgage.[14] Given the proximity in time of the April 1995 assignment and the assumption agreement, the assignment appears to have been a means of addressing that debt. Alvin included

---

[13] See D. Kan. LBR 7056.1, which provides, in pertinent part, that "[a]ll materials set forth in the statement of the movant shall be deemed admitted for the purposes of summary judgment unless specifically controverted by the statement of the opposing party."

[14] Assumption Agreement, Loan No. 1002735.

5

in his motion two affidavits of Dorothy Herl that state that the elder Herls intended to assign this property to Alvin so that he could assist them with financial problems on their farm.[15]

Plaintiffs made no effort to controvert any of these stated facts and the Court concludes that the forgoing may be taken as true for summary judgment purposes. While there may be other facts and circumstances bearing on the financial and legal relations between Alvin and his parents that might affect the distribution of Senior's probate estate, none has been brought to the Court's attention.

Analysis

Section 523(a)(6) provides that debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable.[16] The burden of proof is upon the creditor to establish that the debt is nondischargeable by a preponderance of the evidence.[17] The United States Supreme Court has held that the standard of conduct for nondischargeability under § 523(a)(6) requires an intentional act with an actual intent to cause injury.[18] The specific injury must have been intended and not merely be the consequence of a willful act.[19]

Plaintiffs essentially assert that Alvin owes them a debt arising out of his allegedly having

---

[15] Affidavit of Dorothy F. Herl dated April 14, 2006 and Affidavit of Dorothy F. Herl dated April 5, 2008

[16] 11 U.S.C. § 523(a)(6).

[17] *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 655 (10th Cir. BAP1999).

[18] *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

[19] *Id.* at 118 S.Ct. at 977.

6

wilfully and maliciously damaged their property interests as fellow-heirs of Senior by diverting the decedent's oil and gas income and paying his debts with the money. The flaw in this theory is that Senior deeded these oil and gas interests to Alvin and his wife during his lifetime with the result that neither the decedent's estate nor the siblings have any title or ownership in these assets, at least none that has been demonstrated to the Court. If none of them had a property interest in the mineral interest, Alvin cannot be said to have damaged that interest. Thus, the Court concludes that in the absence of any demonstrated factual controversy concerning the ownership of this oil and gas property, Alvin is entitled to judgment as a matter of law on the complaint.

<u>Conclusion</u>

Defendant's motion for summary judgment is GRANTED and judgment should be entered for him on Plaintiffs' complaint, each side to bear their respective costs. A separate Judgment on Decision will issue this day.

###